FILED
JAMES BONINI
CLERK
04 JUL 16 AM 11:20

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J.G. WENTWORTH SSC<br>LIMITED PARTNERSHIP | Case No. C-1-01 192 |
| **Plaintiff** | JUDGE HERMAN J. WEBER |
| vs. | |
| LINDA CALHOUN WILLIAMS<br>Individually and as Executor for the<br>Estate of Ramona F. Calhoun | |
| **Defendant** | |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S NOTICE OF ATTEMPT TO CIRCUMVENT THIS COURT'S JURISDICTION

Plaintiff's rights under decedent's will were not at issue directly in the instant matter, nor was Dustin Lee Calhoun, a minor, represented in the proceeding. Accordingly, there is no reason to interfere with the Highland County Probate Court will contest action. Since the parties and issues are different, there will be no direct *res judicata* effect by this U.S. District Court's ruling.

At issue in this matter is the validity of the sales contracts obtained by Wentworth for interests in Ramona Calhoun's structured settlement annuity payments, with defendant's contention being either that the contracts were void for a variety of reasons, including, unfair and deceptive consumer sales practices, illegality, overreaching, duress and unconscionability, or alternatively that the contracts were actually loans disguised as "sales" and that the rates were usurious.

1

The will contest action is by a separate party and challenges whether the will filed in the probate administration is the last will and testament of Ramona Calhoun.

"While a federal court has no jurisdiction to probate a will or administer an estate, it does have jurisdiction to entertain suits to establish claims against a decedent's estate, **so long as it does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court**." Markham v. Allen, 326 U.S. 490 (1946) (syllabus) (bold emphasis added). See also, Firestone v. Galbreath, 976 F.2d 279, 282-83. (6th Cir. 1992).

Plaintiff argues that *res judicata*, or collateral estoppel, should prevent the will contest action from going forward. Defendant submits that rule is not applicable. "A prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action." Goodson v. McDonough Power Equip. Inc., 2 Ohio St.3d 193, 443 N.E.2d 978 (1983) (syllabus). "A point or fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different." Norwood v. McDonald, 142 Ohio St. 299, 52 N.E.2d 67 (1943).

Whether Ramona had testamentary capacity or there existed other facts which bear upon the validity of the purported last will and testament was not an issue tried before this Court, nor was Dustin Lee Calhoun represented. Accordingly, the tests are not met for issue preclusion.

## CONCLUSION

This Court should not interfere with the Highland County Probate Court's jurisdiction over the pending will contest action.

Respectfully submitted,

*(signature)*

Richard G. Ward (0037613)
RICHARD G. WARD CO., L.P.A.
2350 Victory Parkway, 2nd Floor
Cincinnati, OH 45206
(513) 421-8364

Richard H. Ward (0003016)
DREW & WARD CO., L.P.A.
2400 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
(513) 621-8210

TRIAL ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S NOTICE OF ATTEMPT TO CIRCUMVENT THIS COURT'S JURISDICTION has been served upon plaintiff's counsel, James S. Wertheim, GOODMAN WEISS MILLER LLP, 100 Erieview Plaza, 27th Floor, Cleveland, Ohio 44114-1824, by ordinary mail, postage prepaid this _16_ day of July, 2004.

*(signature)*

Richard G. Ward

128358