IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| J.G. WENTWORTH SSC LIMITED PARTNERSHIP, | ) ) ) | CASE NO. 1:01-cv-00192-HJW |
| Plaintiff, | ) ) | JUDGE WEBER |
| vs. | ) ) ) ) | **MEMORANDUM IN SUPPORT OF MOTION FOR ORDER THAT FUNDS BE DEPOSITED WITH COURT** |
| LINDA CALHOUN WILLIAMS, | ) ) | |
| Defendant. | ) | |

This matter has been pending before this Court since Plaintiff J.G. Wentworth SSC Limited Partnership ("Wentworth") filed its complaint in this matter in March 2001. At issue is Wentworth's right to receive certain payments of an annuity policy issued by First Colony Life Insurance Company pursuant to a purchase agreement with the deceased, Ramona Calhoun. After this lawsuit was filed, Defendant agreed to escrow – and has escrowed – all funds received. (A copy of the probate court's order is attached as Exhibit A.)

This matter was tried to this Court in May 2003 and awaits this Court's decision. On March 20, 2003, however, despite the pendency of this case and despite the fact that it was heading toward a trial before this Court, Dustin L. Calhoun, the minor grandson of the deceased, filed a complaint in the Highland County, Ohio, Probate Court asserting the very same issue already pending in this Court. (Complaint attached as Exhibit B.) Moreover, despite the fact that Wentworth was and is a party to this action (and was a claimant in the underlying probate action, filed in the same state probate court) and that its address and that of its counsel were readily accessible through this Court's docket (and the probate court's docket), Dustin L. Calhoun neglected to serve the summons and complaint upon Wentworth

at its address, but instead attempted to serve it at a post office box through the Ohio Secretary of State. It is undisputed that Wentworth, a Pennsylvania limited partnership, never received the summons or complaint, and never had any actual notice or knowledge of that lawsuit.

Knowing that he had not actually served Wentworth or notified its counsel of his action, and further knowing that this case was pending in this Court, Dustin L. Calhoun nonetheless moved the state probate court for default judgment in June 2003, and that motion was granted in September 2003. (Motion and Order attached as Exhibits C and D, respectively.)

On approximately June 10, 2004, Wentworth and its counsel inadvertently became aware, for the very first time, of the state action and immediately moved the state court to stay that case pending resolution of this matter in this Court. It was not until July 26, 2004 that Wentworth learned for the first time that default judgment had already been entered against it. Wentworth is in the process of moving for relief from that judgment under Ohio Civil Rule 60(B).

Given the actions of Dustin L. Calhoun, the funds held – or yet to be deposited – in the escrow account controlled by Defendant's counsel herein are no longer secure. In order to protect Wentworth's interest in those funds pending the outcome of the current matter, it now becomes necessary for those funds to be controlled by this Court.

Therefore, Wentworth moves this Court for an Order requiring that the funds currently held in escrow – or that are to be later deposited in escrow – be deposited into the custody of this Court pending disposition of this action. (A proposed Judgment Entry is attached.)

Respectfully submitted,

/s/ James S. Wertheim
JAMES S. WERTHEIM (0029464)
GOODMAN WEISS MILLER LLP
100 Erieview Plaza, 27th Floor
Cleveland, Ohio  44114-1824
(ph.) 216-696-3366 • (fax) 216-363-5835
wertheim@goodmanweissmiller.com
**Counsel for Plaintiff**
**J.G. Wentworth S.S.C. Limited Partnership**